Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA 94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yogita Parulekar and Ashley Martins, <br><br> Plaintiff, <br><br> -vs- <br><br> Michael Chertoff, Secretary <br><br> Emilio T. Gonzalez, Director, USCIS <br><br> Rosemary Melville, District Director <br><br> Department of Homeland Security; <br><br> Robert S. Mueller, Director <br><br> Federal Bureau of Investigations <br><br> Defendants. | Civil No. <br><br> PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS <br><br><br> "Immigration Case" <br><br> CIS NOs.   A098-459-058 <br> A098-459-059 |

COMES NOW Yogita Parulekar and Ashley Martins, Plaintiffs in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.  This action is brought against the Defendants to compel action on Form I-485, Application to Register Permanent Resident or Adjust Status properly filed by the Plaintiffs. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiffs' detriment.

COMPLAINT                                                 1

## PARTIES

2.   Plaintiff Yogita Parulekar is a 34 year-old citizen of India. After receiving an approval of a labor certification, filed on her behalf in 1999, an I-140 immigrant visa petition of which Plaintiff Parulekar was the beneficiary, was filed on November 30, 2004. On or about April 5, 2005, she filed for lawful permanent resident status. The immigration visa petition was approved on or about May 2, 2005.

3.   Plaintiff Ashley Martins is a 37 year-old citizen of India and the husband of Plaintiff Parulekar. On or about April 5, 2005, he filed for lawful permanent resident status as a derivative spouse pursuant to INA § 203(d), 8 USC § 1153(d).

4.   Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

5.   Defendant Emilio T. Gonzalez is the Director of Citizenship and Immigration Services (CIS), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

6   Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity. Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

7.   Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of

COMPLAINT                                    2

the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General. 28 USC § 533.

## JURISDICTION

8. The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b), 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(d), since the Plaintiffs reside in Santa Clara County, assignment shall be to the San Jose Division.

## VENUE

10. Venue is proper in this court, pursuant to 28 USC §1391(e)(3), in that this is an action against officers and agencies of the United States in his official capacities, brought in the District where the Plaintiffs reside if no real property is involved in the action. Specifically, Plaintiffs reside at 1063 Morse Avenue #11-206, Sunnyvale, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

11. Plaintiffs have exhausted his administrative remedies. Plaintiffs have made numerous inquiries concerning the status of his application to no avail.

## CAUSE OF ACTION

12. All legal prerequisites having been satisfied, Plaintiffs applied for adjustment of status to lawful permanent resident with the US Citizenship and Immigration Service (USCIS) on April 5, 2005.

13. On May 18, 2005, the USCIS sent the Plaintiffs a biometrics appointment notice scheduled for June 8, 2005, at 2:00pm at the USCIS Application Support Center in San Jose, California. On June 8, 2005, the Plaintiffs attended their biometrics appointment.

COMPLAINT                                                                 3

14. On September 19, 2006, the USCIS sent the Plaintiffs another biometrics appointment scheduled for October 5, 2006 at 10:00am at the USCIS Application Support Center in San Jose, California. The Plaintiffs attended their biometrics appointment on October 5, 2006.

15. On December 13, 2006, Plaintiff Martins was notified that his I-485, Application to Adjust Status, was transferred from the USCIS California Service Center to the Nebraska Service Center.

16. On February 1, 2007, Plaintiff Parulekar was notified that her I-485, Application to Adjust Status, was transferred from the USCIS California Service Center to the Texas Service Center.

17. On February 12, 2007, the USCIS sent Plaintiff Martins a biometrics appointment scheduled for March 9, 2007 at 2:00pm at the USCIS Application Support Center in San Jose, California. On March 9, 2007, Plaintiff Martins went to the USCIS and got his biometrics taken.

18. On June 15, 2007, Plaintiffs made a phone inquiry to the USCIS and was told by the service representative that the USCIS will get back to them in the near future.

19. On or around July 23, 2007, Plaintiffs made an Infopass appointment at the San Jose USCIS, and were told by the USCIS officer that their application for adjustment of status was pending because their background/security checks were not yet complete.

20. Plaintiffs' application for adjustment of status has now remained unadjudicated for over two years from the date of initial filing.

21. Defendants have sufficient information to determine Plaintiffs' eligibility pursuant to applicable requirements. To date, said applications have not been adjudicated.

22. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate Plaintiffs' application, thereby depriving the Plaintiffs the right to a decision on their status and the peace of mind to which Plaintiffs are entitled.

23. The USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies

COMPLAINT 4

unknown to the Plaintiffs, to complete and verify security checks with regard to Plaintiff Parulekar and Martins. Defendant Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks as required under Executive Order 10450.

24. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding or unreasonably delaying action of Plaintiffs' applications and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiffs' case.

25. The Plaintiffs have been damaged by the failure of Defendants to act in accordance with their duties under the law.

  (a) The Plaintiffs have been damaged by being deprived of the status of lawful permanent residents during the interminable pendency of their applications. The Plaintiffs have also been unable to plan or pursue a future course of action in the United States due to the pendency of their applications.

  (b) The Plaintiffs have also experienced tension in their life due to the uncertainty and anxiety stemming from the pendency of their applications.

26. The Plaintiffs have patiently complied with the USCIS' numerous requests for biometrics for the last two years, and their case has yet to be adjudicated. Accordingly, the Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

## PRAYER

27. WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

  (a) requiring Defendants Chertoff, Gonzalez, and Melville to adjudicate Plaintiffs' applications for adjustment of status;

  (b) requiring Defendant Mueller to complete its investigation and issue the results of the

COMPLAINT                                    5

security check, or show the Court reasonable cause why the security check cannot be issued;

(c) awarding Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and granting such further relief at law and in equity as justice may require.

Dated: _____

                                                                     /s/
                                          Edward R. Litwin
                                          Attorney for Plaintiff

COMPLAINT                                                6