SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YOGITA PARULEKAR and ASHLEY MARTINS, | No. C 07-3878 JW |
| Plaintiff, | |
| v. | ANSWER TO COMPLAINT |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director of the Citizenship and Immigration Services; ROSEMARY MELVILLE, District Director Department of Homeland Security; ROBERT S. MUELLER III, Director of the Federal Bureau of Investigation, | |
| Defendants. | |

    The Defendants hereby submit their answer to Plaintiffs' Complaint for Writ in the Nature of Mandamus.

    1. Defendants admit the allegations in Paragraph One with the exception that Defendants deny they have improperly withheld action on Plaintiffs' applications to their detriment.

**PARTIES**

    2. Defendants admit the allegations in Paragraph Two.

    3. Defendants admit the allegations in Paragraph Three.

    4. Defendants admit the allegations in Paragraph Four.

ANSWER
C 07-3878 JW

5. Defendants admit the allegations in Paragraph Five.

6. Defendants deny that Rosemary Melville or the U.S. Citizenship and Immigration Services ("USCIS") San Francisco District Office are appropriate defendants. Plaintiffs' applications are pending at the USCIS Nebraska Service Center, Lincoln, Nebraska.

7. Defendants admit the allegations in Paragraph Seven.

## JURISDICTION

8. Paragraph Eight consists of Plaintiffs' allegations regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny that this Court has jurisdiction under any of the provisions cited in Paragraph Eight.

## INTRADISTRICT ASSIGNMENT

9. Defendants admit the allegations in Paragraph Nine.

## VENUE

10. Paragraph Ten consists of Plaintiffs' allegations regarding venue, to which no responsive pleading is required. To the extent a response is required, Defendants deny that venue is proper in this District. Defendants aver that unless specifically provided by law, aliens have no residence in the United States for venue purposes.

## EXHAUSTION OF REMEDIES

11. Defendants deny the allegations in Paragraph Eleven.

## CAUSE OF ACTION

12. Defendants deny the allegations in Paragraph Twelve.

13. Defendants deny the first sentence and admit the second sentence of Paragraph Thirteen.

14. Defendants deny the first sentence and admit the second sentence of Paragraph Fourteen.

15. Defendants admit that Plaintiff Matins' file was transferred from the California Service Center to the Nebraska Service Center on December 13, 2006 due to the filing of a Form 1-140, petition for alien worker, filed on his behalf by Ernst Young LLP at the Nebraska Service Center.

16. Defendants deny that Plaintiff Parulekar's file was transferred to the Texas Service Center.

17. Defendants admit the allegations in Paragraph Seventeen.

18. Defendants are without sufficient information to admit or deny the allegations in Paragraph Eighteen, and on that basis, deny them.

19. Defendants are without sufficient information to admit or deny the allegations in Paragraph Nineteen, and on that basis, deny them.

20. Defendants admit the allegations in Paragraph Twenty.

21. Defendants deny the allegations in Paragraph Twenty-One

22. Defendants deny the allegations in Paragraph Twenty-Two.

23. Defendants admit the first sentence in Paragraph Twenty-Three. Plaintiff Parulekar's background check was completed on September 14, 2007, and this information was uploaded to USCIS's systems on September 20, 2007. Defendants deny that Executive Order 10450 relating to background checks for government employment is relevant to Plaintiffs' case.

24. Defendants deny the allegations in Paragraph Twenty-Four.

25. Defendants deny the allegations in Paragraph Twenty-Five.

26. Defendants deny the allegations in Paragraph Twenty-Six.

**PRAYER FOR RELIEF**

27. Paragraph Twenty-Seven consists of Plaintiffs' prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny these paragraphs.

**AFFIRMATIVE AND/OR OTHER DEFENSES**

All allegations not here before specifically admitted, denied, or modified are hereby denied. For further and separate answer, Defendants allege as follows:

FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action

SECOND DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

THIRD DEFENSE

No acts or omissions by the United Stats or its employees were the proximate cause of any

injury or damages to the Plaintiffs.

### FOURTH DEFENSE

At all times alleged in the complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

### FIFTH DEFENSE

The Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice; that Plaintiffs take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: October 12, 2007                           Respectfully submitted,

                                                  SCOTT N. SCHOOLS
                                                  United States Attorney


                                                         /s/
                                                  MELANIE L. PROCTOR
                                                  Assistant United States Attorney
                                                  Attorneys for Defendants