Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA 94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| YOGITA PARULEKAR  and<br>ASHLEY MARTINS | )<br>)<br>) | Civil No. C 07-03878 JW |
| Plaintiffs, | )<br>) | PETITIONERS' NOTICE OF MOTION AND<br>MOTION FOR SUMMARY JUDGMENT |
| v. | )<br>) | |
| MICHAEL CHERTOFF, Secretary<br>EMILIO T. GONZALEZ, Director, CIS<br>ROSEMARY MELVILLE, District Director<br>Department of Homeland Security;<br>ROBERT S. MUELLER, Director<br>Federal Bureau of Investigations; | )<br>)<br>)<br>)<br>)<br>) | Date:   March 24, 2008<br>Time:   9:00 a.m. |
| Defendants. | )<br>) | |

## NOTICE OF MOTION

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that on March 24, 2008 at 9:00 a.m., or as soon thereafter as

counsel may be heard by the above-entitled Court, located at 280 South First Street, Room 2112, San

Jose, CA  95113, Plaintiffs Yogita Parulekar and Ashley Martins will and hereby move the Court for

summary judgment on their petition for writ of mandamus.  Plaintiffs assert that there is no genuine

issue of material fact in dispute and that they are entitled to a judgment as a matter of law.

Plaintiff Parulekar's application for adjustment of status was approved on October 15, 2007.

As Plaintiff Parulekar is now a lawful permanent resident of the United States, reference to "Plaintiff"

1
2

in this motion will be referring to Plaintiff Ashley Martins whose application for adjustment of status

3

still remains unadjudicated.

4

### <u>MOTION</u>

5

Plaintiff Martins hereby moves this court for summary judgment pursuant to Rule 56 of the

6

Federal Rules of Civil Procedure.  This motion is based upon this Notice of Motion and Motion for

7

Summary Judgment, the accompanying Memorandum of Points and Authorities, all pleadings and

8
9

papers on file in this action, and upon such evidence as may be presented to the Court at the time of the

hearing.

10
11

Dated: 02/04/2008

12
13
14

_____/s/_____
Edward R. Litwin
Christina H. Lee
Attorneys for Plaintiffs

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mot. For Summary Judgment                                   C 07-03878 JW

## MEMORANDUM OF POINTS AND AUTHORITIES

I.

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 56(c), Plaintiff Ashley Martins ("Plaintiff") files his Points and Authorities in Support of his Motion for Summary Judgment.  Plaintiff filed a petition for writ in the nature of mandamus and complaint under the Administrative Procedures Act ("APA") because Defendants have failed to adjudicate his application for permanent residency in a "reasonable time."  5 U.S.C. § 555(b).

Summary judgment should be granted because there is no dispute as to the length of time that Plaintiff's application has been pending, and there is no dispute that Defendants owe a statutory and regulatory duty to adjudicate Plaintiff's application.  Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997); Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir. 1986).  As such, Plaintiff's application must be adjudicated within a "reasonable time" period. 5 U.S.C. § 555(b).  Plaintiff requests that the Court grant his Motion for Summary Judgment and order that Defendants adjudicate his application for permanent residency within ten (10) days of the Court's order.  In addition, the Plaintiff prays that the Court grant such other relief that may be appropriate, including costs, expenses, and reasonable attorney's fees pursuant to the Equal Access Justice Act, 28 U.S.C. § 2412 (1991).

II.

## STATEMENT OF FACTS AS PLAINTIFF ALLEGES

Plaintiff Ashley Martins is a citizen of India.  In November 30, 2004, an I-140 immigrant visa petition was filed on behalf of his wife, Plaintiff Yogita Parulekar.  On April 5, 2005, Plaintiff Martins filed for lawful permanent resident status as a derivative spouse pursuant to INA § 203(d), 8 USC § 1153(d).  The immigrant visa petition was approved on or about May 2, 2005.

3

1

2      Plaintiff has exhausted his administrative remedies.  Plaintiff has made numerous inquires

3  concerning the status of his application to no avail.   The United States Citizenship and Immigration

4

5  Services ("USCIS) still has not adjudicated Plaintiff's application for lawful permanent resident status.

6  On July 30, 2007, Plaintiff filed this action seeking an order directing the USCIS to adjudicate his

7  application for permanent residency.

8                                              III.

9

10                                        ARGUMENT

11      Summary judgment is proper when the pleadings, discovery and affidavits show that there is no

12  "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

13  law." Fed.R.Civ.P. 56(c).  The Plaintiff moves this Court to grant summary judgment in his favor

14  because the Defendants have a statutory duty to adjudicate the Plaintiff's pending application for

15

16  adjustment of status, and they have failed to act on that duty in a reasonable time.

17      A.      PLAINTIFF IS ENTITLED TO MANDAMUS RELIEF UNDER 28 USC § 1361.

18      Under 28 U.S.C § 1361, "[t]he district courts shall have original jurisdiction of any action in the

19  nature of mandamus to compel an officer or employee of the United States or any agency thereof to

20  perform a duty owed to the plaintiff."  Mandamus is a remedy to compel a federal official to perform a

21  duty if: 1) the individual's claim is clear and certain; 2) the official's duty is nondiscretionary,

22  ministerial, and so plainly prescribed as to be free from doubt; and 3) no other adequate remedy is

23  available.  Patel v. Reno, 134 F. 3d 929, 931 (9th Cir. 1997).  The Plaintiff has a clear right to

24  adjustment of status, the Defendants have a clear duty to adjudicate Plaintiff's application for

25

26  permanent residency and the Plaintiff has no other adequate remedy available.

27      Section 245(a) of the INA, 8 U.S.C. § 1255(a), is the statute governing adjustment of status

28

Mot. For Summary Judgment                              C 07-03878 JW

applications. The INA provides that an individual may apply for permanent residency if: 1) s/he has been inspected and admitted or paroled into the United States; 2) s/he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and 3) an immigrant visa is immediately available at the time the application is filed. INA § 245(a), 8 U.S.C. § 1255(a). The Defendants have not provided any evidence contrary to the Plaintiff's claim that he has met all the statutory requirements. Plaintiff Martins has met all the statutory requirements for adjustment of status. Plaintiff Martins, thus, has a clear and certain claim for adjustment of status.

The Defendants have a non-discretionary duty to adjudicate the Plaintiff's application for adjustment of status. The regulations provide that, "[t]he applicant *shall* be notified of the decision of the director, and, if the application is denied, the reasons for the denial…if the application is approved, the applicant's permanent residence *shall* be recorded as of the date of the order approving the adjustment of status. 8 C.F.R. § 245.2(a)(5) (emphasis added.) The Supreme Court has made clear that the word "shall" constitutes a mandatory duty upon the subject of the command. See Pierce v. Underwood, 487 U.S., 552, 569-70 (1988) (Congress' use of "shall" in a housing subsidy statute constitutes "mandatory language"); see also Patel v. Reno, 134 F.3d 929 (agency has a duty to act on pending visa petition based on the requirements of the INA and its applicable regulations); Yu v. Brown, 36 F. Supp. 2d 922 (D.N.M. 1999).

B.    PLAINTIFF IS ENTITLED TO RELIEF UNDER THE ADMINISTRATIVE PROCEDURES ACT AS PLAINTIFF'S APPLICATION FOR ADJUSTMENT OF STATUS HAS BEEN DELAYED FOR AN UNREASONABLE AMOUNT OF TIME.

The Administrative Procedures Act ("APA") provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it . . ." 5 U.S.C. § 555(b). Further, the APA states that federal courts shall "compel agency action unlawfully withheld or unreasonably delayed." 5

U.S.C. § 706(1). Thus, the APA imposes a clear duty on the Defendants to act on Plaintiff's application; it gives the Plaintiff a legal enforceable right to have his application for adjustment of status adjudicated. Although the Immigration and Nationality Act does not provide an exact time period in which an agency must act, the general timing provision for agencies is provided within the APA, which states that agency action should be concluded within a reasonable time. See 5 U.S.C. § 555(b); see also Forest Guardians v. Babbitt, 174 F.3d 1178 (10th Cir. 1999).

Plaintiff's application for adjustment of status has now been pending for 2 years, 9 months and 30 days. The delay the Plaintiff has experienced is entirely unreasonable. See Galvez v. Howerton, 503 F. Supp. 35, 39 (C.D. Cal. 1980) (holding that a six month delay in processing an application for LPR was unreasonable); see also Jefrey v. INS, 710 F. Supp. 486, 488-89 (S.D.N.Y. 1989) (finding that delays of 16 and 20 months in processing LPR and other immigration applications are unreasonable); Dabone v. Thornburgh, 734 F. Supp. 195, 202 (E.D.Pa.1990) (same); Paunescu v. INS, 76 F. Supp. 2d 896, 901-02 (N.D. Ill. 1999) (holding that a ten month delay unreasonable). Further, section 202 of Title II of the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) provides that immigrant applications should be completed no later than 180 days after initial filing. 8 U.S.C. § 1571.

Defendants have indicated that the case remains pending because Plaintiff's FBI name check was not yet complete. FBI name checks are part of the effort to ensure that immigration benefits are provided to only those individuals who are eligible. Name checks search FBI administrative and investigative files based on the name and date of birth of the applicant and attempt to identify potential threats to national security. In a Federal District Court case recently decided in this District, where the applicant's FBI name check was not complete, the Court granted summary judgment compelling the defendants to adjudicate plaintiff's two applications for adjustment of status. Singh v. Still, 470 F. Supp.2d 1064 (N.D. Cal. 2007). In that case, the Court found that the USCIS had a duty to process the

6

applications and the FBI had a duty to process the name checks within a reasonable time, regardless who was responsible for the delay. The defendants in <u>Singh</u> argued that they could not be blamed for the slowness of the name check because it was the responsibility of the FBI. The <u>Singh</u> Court found that "even if the FBI were largely responsible for the delay as Respondents suggest, its conduct would properly be within the scope of the complaint herein." <u>Singh</u>, 470 F.Supp.2d at 1068.

The Plaintiff has complied with the requirements for eligibility under the statute, which includes having attended the required fingerprint appointments at the local USCIS Application Support Center. The Defendants have a duty to complete the adjudication of Plaintiff's application in a reasonable time. The Defendants have not provided any evidence to contradict the Plaintiff's claim that he has met all the statutory requirements for adjustment of status. There is no genuine dispute that the Defendants have not complied with the requirements of the law. The Plaintiff has been prejudiced by the Defendants' delay in adjudicating his application for adjustment of status. The Plaintiff has been unable to freely travel or work without restrictions. He has been unable to plan his future due to the pendency of his application. He has had to repeatedly apply and pay for extensions for his travel documents and his work authorization.

IV.

<u>CONCLUSION</u>

Under the 8 U.S.C. 1361 and the Administrative Procedures Act, the Defendants owe a duty to adjudicate the Plaintiff's application for permanent residency within a reasonable time. The Defendants have both unlawfully withheld and unreasonably delayed adjudication of Plaintiff's application. Thus, the Plaintiff respectfully requests that the Court grant Plaintiff's motion for summary judgment and a writ of mandamus be issued against the Defendants to adjudicate his case within ten days of this Court's order granting summary judgment.

Mot. For Summary Judgment                                C 07-03878 JW

1

2

3    Dated: 02/04/08

4                                                    _____/s/_____
                                                     Edward R. Litwin
5                                                    Christina H. Lee
                                                     Attorney for Plaintiffs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mot. For Summary Judgment                          C 07-03878 JW